

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 1, 1975

The Honorable Patrick C. Batchelor
Criminal District Attorney
Navarro County
Corsicana, Texas 75110

Opinion No. H- 638

Re: May a person elected city
commissioner remain pecuniarily
interested in a contract previously
entered into with the city whereby
the city sells water to him for re-
sale to rural customers?

Dear Mr. Batchelor:

You have requested our opinion regarding whether an officer of a city
may purchase water from the city for further distribution to rural clients
when the contract involved was entered into before he took office.

Article 373 of the former Penal Code was repealed by Acts 1973, 63rd
Leg., ch. 399, p. 991, § 3(a), eff. January 1, 1974. We presume your question
concerns a fact situation which arose prior to the effective date of the repeal.

Article 373 provided in part:

> If any officer of any county, or of any city or town
> . . . shall become interested . . . in the purchase
> or sale of anything made for or on account of such
> county, city or town, . . . he shall be fined not less
> than fifty nor more than five hundred dollars.

The penal code article, prior to its repeal, was long complemented by
a civil statute, article 988, V. T. C. S., which remains in effect. Article 988
reads in part:

> No member of the city council, or any other officer of
> the corporation, shall be directly or indirectly interested
> in any work, business or contract, the expense, price or
> consideration of which is paid from the city treasury, or by
> an assessment levied by an ordinance or resolution of the
> city council, nor be the surety of any person having a con-
> tract, work or business with said city, for the performance
> of which security may be required, nor be the surety on the
> official bond of any city officer.

Both statutes were discussed by the court in City of Edinburg v. Ellis, 59 S.W. 2d 99, 100 (Tex. Comm. 1933):

> It is the general rule that municipal contracts in which officers or employees of the city have a personal interest are void . . . This rule is held to apply to members of the city council. It has long been the public policy of the state to prohibit officers of a city from having a personal pecuniary interest in contracts with the city and this policy is specifically expressed in both the penal and civil statutes. See article 373, Penal Code, and article 988, R. C.S. 1925. Article 373 provides that if an officer of a city or town shall become in any manner pecuniarily interested in any contracts made by such city or town, or shall become interested in the purchase or sale of anything made for or on account of such city or town, he shall be subject to a fine. Article 988 also provides that no member of the city council or any other officer of a corporation shall be directly or indirectly interested in any contract, consideration of which is paid from the city treasury.
>
> The foregoing rule rests upon sound public policy. Its object is to insure to the city strict fidelity upon the part of those who represent it and manage its affairs. The rule prohibiting public officers from being interested in public contracts should be scrupulously enforced.

A public official must avoid a position where his private pecuniary interest might conflict with his public duty. In explaining why a county judge could not receive payment for acting as attorney for the county to enforce a contract and collect indebtedness due, the Supreme Court of Texas observed in Ehlinger v. Clark, 8 S.W. 2d 666, 674 (Tex. Sup. 1928), that the county judge, as a member of the commissioners court was charged with insisting that contractors with the county properly perform their contracts, and "if, after an attorney was employed, it should be found that the attorney was not performing his duties in a competent or faithful manner, it would become the duty of the commissioners' court, presided over by the county judge, to relieve such attorney of his duty and employ another."

Similarly, in the situation your office has described, it could become the duty of the city commission to demand that the person contracting with the city (the city commissioner) perform his contractual obligations to the city in a manner other than he was willing or able to do. In such an event the involved commissioner could find his private pecuniary interests and his public duty to be in conflict. Or his attitude toward the water policy of the city could be affected by his peculiar personal pecuniary interest.

The court in Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. -- Eastland 1925, no writ) applied the predecessors of the foregoing statutes to a contract of the City of Lamesa, and in doing so observed that contracts in their nature calculated to influence the actions of public officers - and the effect of which is to influence them one way or the other - are against public policy. We believe article 988, V.T.C.S., condemns such pecuniary influences and interests whether they arise from contracts which were originally valid but have become the source of potential conflict, or arise from those which were invalid in their inception because of an existing potential conflict. The pernicious effect is the same. As noted in Delta Electric Construction Co. V. City of San Antonio, 437 S.W. 2d 602, 609 (Tex. Civ. App. -- San Antonio 1969, writ ref., n. r. e.), "[it] is the existence of such interest which is decisive and not the actual effect or influence, if any, of the interest . . . "See Knippa v. Stewart Iron Works, 66 S.W. 322 (Tex. Civ. App. 1902, no writ); Bexar County v. Wentworth, 378 S.W. 2d 126 (Tex. Civ. App. -- San Antonio 1964, wirt ref'd. n. r. e.).

Former penal code article 373 spoke prospectively: "If any officer . . . shall become . . . interested . . . "Article 988, V.T.C.S., speaks in the present. "No members. . . shall be directly or indirectly interested. . . ." The first is to be strictly construed as a penal statute while a rule of liberal constuction will be applied to the second in order to effect its remedial purpose. Attorney General Opinion M-714 (1970).

Because the contract arose prior to the election of the city commissioner, we do not believe former article 373 would be applicable to the situation described, but in our opinion, the continued pecuniary interest of the commissioner in the contract after he took office would bring the matter within the proscription of article 988, V.T.C.S. And see V.T.C.S., articles 5973, 5974; Penal Code § 39.01.

## SUMMARY

It is a violation of article 988, V.T.C.S., but not former penal code article 373, for a person elected city commissioner to remain pecuniarily interested in a contract previously entered into by him with the city whereby the city sells water to him for resale to rural customers.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad